# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBIN DAKAN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0160** (BOR Appeal No. 2049714)
                        (Claim No. 2013029098)

**WEST VIRGINIA HOMECARE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robin Dakan, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Homecare, by Lindsay Smith, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed a July 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 5, 2013, decision denying Ms. Dakan's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dakan worked as registered nurse/field nurse for West Virginia Homecare. Ms. Dakan allegedly injured her back on March 6, 2013, while trying to stand up after sitting on the floor to perform a procedure for her patient. Records from West Virginia University Healthcare dated March 11, 2013, stated that Ms. Dakan complained of gradual onset of constant back pain for one week and that no trauma had occurred. A report from Lindsay Weglinski, M.D., dated March 18, 2013, noted that Ms. Dakan complained of low back pain for two weeks and could not

1

recall any precipitating factors. On April 1, 2013, Kenneth Fortgang, M.D., found that the degenerative changes present on the MRI at L3-4, L4-5, and L5-S1 with an annular tear at L5-S1 are considered chronic in etiology and not associated with the time frame of the recent injury. J. David Lynch, M.D., stated on the report of injury application that Ms. Dakan's condition is a direct result of an occupational injury and that the injury aggravated a prior injury or disease. Ms. Dakan is requesting that her application for workers' compensation benefits be granted. On June 5, 2013, the claims administrator denied Ms. Dakan's application for workers' compensation benefits and determined that she did not suffer a compensable work injury.

The Office of Judges affirmed the claims administrator's decision and found that no compensable injury related to Ms. Dakan's employment occurred. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Dakan disagrees and asserts that she sustained a low back injury while examining her patient's heels and then trying to stand up. She further argues that the injury was witnessed by her patient's husband and daughter and that she reported the injury to all of her treating physicians. West Virginia Homecare maintains that Ms. Dakan's low back condition is pre-existing which is supported by her December 22, 2011, x-ray of the lumbar spine that showed mild facet arthropathy at the L4-L5 and L5-S1 levels.

The Office of Judges found that the record contained multiple discrepancies concerning the alleged date of injury and the origin of the injury. Ms. Dakan testified that the date of injury was March 6, 2013, and that all other dates of injury were errors. Several reports stated different dates of injury including a Certification of Health Care Providers for Employee's Serious Health Conditions from the U.S. Department of Labor which stated March 4, 2013, as the date of injury and the reports of Mark E. Rogers, M.D., which stated March 2, 2013, as the date of injury. Records for West Virginia University Healthcare dated March 11, 2013, stated that Ms. Dakan complained of gradual onset of constant back pain for one week. The report further stated that no trauma had occurred and her pain was sudden in onset last Monday. A report from Lindsay Weglinski, M.D., dated March 18, 2013, noted that Ms. Dakan complained of low back pain for two weeks. Dr. Weglinski's report stated Ms. Dakan could not recall any precipitating factors and that her pain started two weeks earlier out of the blue. Her report also stated that Ms. Dakan had no prior back problems. However, records from West Virginia University Healthcare dated April 20, 2013, stated that Ms. Dakan had an extensive back pain history. In a separate medical record, Kenneth Fortgang, M.D., found that the degenerative changes present on the MRI at L3-4, L4-5, and L5-S1 with an annular tear at L5-S1 are considered chronic in etiology and not associated with the time frame of the recent injury. The Office of Judges concluded that Ms. Dakan's testimony was not persuasive based on evidence previously discussed and found that no compensable injury related to the employment occurred. The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the Board of Review. The evidence of record contains several inconsistencies and shows that Ms. Dakan had pre-existing low back problems including the April 1, 2013, MRI that showed degenerative changes and a L5-S1 annular tear. Dr. Fortgang found that the degenerative changes present on the MRI are chronic in etiology and not associated with the time frame of the recent injury. Ms. Dakan has failed to prove that she suffered an injury in the course of and as a result of her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum